**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**CASE NO.: 3:26-cv-04973-MCR-HTC**

LEONDRA WILLIAMS,

*Plaintiff*,

v.

THE GEO GROUP, INC.,

*Defendant*.

______________________________/

**DEFENDANT'S *UNOPPOSED* MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND INCORPORATED MEMORANDUM OF LAW**

Defendant, The GEO Group, Inc. ("Defendant" or "GEO"), by and through undersigned counsel, moves, on an unopposed basis, to compel Plaintiff's claims to arbitration and stay these proceedings pending completion of arbitration. In support of this Motion, Defendant states as follows:

**BACKGROUND**

Plaintiff, LEONDRA WILLIAMS ("Plaintiff"), filed this matter alleging seven claims against Defendant, all of which arise from her employment. ECF No. 1. As part of her employment, Plaintiff executed a written Arbitration Agreement (the "Arbitration Agreement"), a true and correct copy of which is attached as Ex. 1.

The Agreement provides, in relevant part:

> This Agreement is governed by the Federal Arbitration Act (9 U.S.C. §§ 1 *et seq*.). Except as it otherwise provides, this Agreement applies to any dispute, past, present or future, arising out of or related to Employee's (sometimes "you" or "your") application and selection for employment, employment, and/or termination of employment, with GEO Group ("Company") *[footnote omitted]* or relationship with any of its or their agents, employees, affiliates, successors, subsidiaries, assigns or parent companies (each of which may enforce this Agreement) regardless of its date of accrual and survives after the employment relationship terminates. Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration.
>
> Ex. 1 at 1.

Plaintiff affirmatively assented to the Arbitration Agreement by executing it. Ex. 1 at 4.

## LEGAL STANDARD

The FAA governs the Arbitration Agreement and makes written arbitration agreements "valid, irrevocable, and enforceable." 9 U.S.C. § 2. The Court first determines whether an agreement to arbitrate was formed. If an agreement exists and clearly and unmistakably delegates arbitrability, the arbitrator decides the delegated gateway issues. *Lamonaco v. Experian Info. Sols., Inc.,* 141 F.4th 1343, 1348–49 (11th Cir. 2025). Florida contract law governs formation. *Caley v. Gulfstream Aerospace Corp.,* 428 F.3d 1359, 1368 (11th Cir. 2005).

## ARGUMENT

The Court should compel Plaintiff's claims to arbitration because the parties formed a valid, FAA-governed agreement to arbitrate that delegates arbitrability to the arbitrator and, in all events, covers Plaintiff's claims, and because Defendant has not waived its right to arbitrate.

### I. The Federal Arbitration Act Governs the Parties' Arbitration Agreement

The FAA applies to any "contract evidencing a transaction involving commerce." 9 U.S.C. § 2. The Arbitration Agreement expressly provides that it is governed by the FAA and applies to disputes arising from Plaintiff's employment with GEO Group or its affiliates. Ex. 1 at 1. The employment relationship reflected in the Arbitration Agreement falls within the FAA's broad reach. *See Caley,* 428 F.3d at 1367–68.

### II. Plaintiff Entered into a Valid and Enforceable Arbitration Agreement

#### A. The Arbitration Agreement Delegates Broad Authority to the Arbitrator to Decide Issues Relating to Validity and Applicability.

A court must first determine whether an arbitration agreement was formed. *Lamonaco*, 141 F.4th at 1348–49. Questions concerning the scope or applicability of a formed agreement may be delegated to the arbitrator. *Id*. at 1349. Where the parties "clearly and unmistakably" delegate those questions to the arbitrator, the court does not decide them. *Rent- -A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–

69 (2010). Here, the Arbitration Agreement provides:

> Except as otherwise stated in this agreement, you and the Company agree that any legal dispute or controversy covered by this Agreement, shall be resolved by final and binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA Rules") then in effect, **and not by court or jury trial**, to be held (unless the parties agree in writing otherwise) in the county and in the same state where you are or were last employed by the Company.
>
> Ex. 1 at 1 (emphasis added).

The Agreement expressly delegates questions concerning arbitrability, validity, enforceability, and breach to the arbitrator. Its incorporation of the AAA Rules further confirms that delegation. *JPay, Inc. v. Kobel*, 904 F.3d 923, 939–41 (11th Cir. 2018). Once the Court determines that an arbitration agreement was formed, the Agreement requires the arbitrator to decide the delegated gateway issues. The Agreement's sole carve-out, reserving disputes over the Class Action Waiver to a civil court, does not apply, because Plaintiff asserts only individual claims. Ex. 1 at 1–2.

### B. Plaintiff Agreed to Arbitrate Her Claims.

Whether the parties agreed to arbitrate is governed by ordinary Florida contract principles. *Caley*, 428 F.3d at 1368. Plaintiff formed a binding agreement by executing it, and her printed name and electronic signature appear on its face. Ex. 1 at 4. The Agreement also provides Plaintiff "understand[s] and acknowledge[s] that an e-signature is as valid and has the same legal effect as an ink signature." Ex.

1 at 4; see *Grant v. Morgan Stanley Smith Barney LLC*, 2017 WL 1044484, at *3 (S.D. Fla. Mar. 20, 2017) (enforcing an employment arbitration agreement following notice, continued employment, and failure to opt out). All elements of a valid contract are satisfied.

**C. The Arbitration Agreement Covers Plaintiff's Claims.**

Plaintiff's Complaint alleges: (1) sexual harassment/hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); (2) retaliation in violation of Title VII (Count II); (3) disability discrimination in violation of the Americans with Disabilities Act ("ADA") (Count III); (4) retaliation in violation of the ADA (Count IV); (5) sex discrimination/hostile work environment in violation of the Florida Civil Rights Act, Florida Statutes §§ 760.01-760.11 ("FCRA") (Count V); (6) disability discrimination in violation of the FCRA (Count VI); and (7) retaliation in violation of the FCRA (Count VII). ECF No. 1 at 12-24. Each claim arises from her employment and separation. ECF No. 1 ¶¶ 23–51.

These claims fall squarely within the Arbitration Agreement, which expressly enumerates claims under Title VII, the ADA and "state or local statutes or regulations addressing the same or similar subject matters… and legal claims arising out of or relating to your employment or the termination of employment..." Ex. 1 at 1-2. That Plaintiff first pursued a charge with the EEOC and the FCHR does not alter the result; the Agreement preserves an employee's right to file agency charges and

to exhaust administrative remedies before arbitrating. Ex. 1 at 3.

### III. To the Extent the Court Reaches Waiver, Defendant Has Not Waived Arbitration

The Arbitration Agreement delegates disputes concerning its enforceability to the arbitrator. Ex. 1 at 1; *see Lamonaco*, 141 F.4th at 1349–51. Accordingly, any waiver issue is for the arbitrator. In any event, to the extent the Court reaches waiver, Defendant has not acted inconsistently with its right to arbitrate. Defendant's counsel promptly conferred with Plaintiff's counsel regarding arbitration, and Plaintiff's counsel confirmed that Plaintiff does not oppose the requested relief.

### IV. This Action Should Be Stayed Pending the Completion of Arbitration

Because Plaintiff's claims are subject to arbitration, Section 3 of the FAA requires the Court, upon Defendant's request, to stay this action pending completion of the arbitration. 9 U.S.C. § 3. The Supreme Court has confirmed that, when a court determines that a dispute is arbitrable and a party requests a stay, the court must stay the action. *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024). Accordingly, the Court should stay this action pending completion of the arbitration.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order: (1) compelling Plaintiff to submit all claims to arbitration as required by the Arbitration Agreement; (2) staying this action pending completion of arbitration; and (3) granting Defendant such other and further relief as the Court deems just and

proper.

**CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.1(F), the undersigned certifies that the foregoing memorandum contains 1,508 words, excluding the portions exempted by the Rule.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

The undersigned certifies that, pursuant to Local Rule 7.1(B), Defendant's counsel conferred with Plaintiff's counsel by email on September 10, 2026, regarding the relief requested in this Motion, and Plaintiff's counsel advised that Plaintiff does not oppose the requested relief.

Dated this 21st day of September 2026. Respectfully submitted,

By: */s/ Daniel J. Barroukh*

Phillip Marchion
Florida Bar No. 23773
Email: pmarchion@littler.com
Daniel J. Barroukh, Esq.
Florida Bar No. 1049271
E-mail: dbarroukh@gmail.com
LITTLER MENDELSON, P.C.
Miami Tower
100 SE 2nd Avenue, Suite 4300
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of September 2026, a true and correct copy of the foregoing was furnished by CM/ECF service to all counsel of record listed below:

Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com
*COUNSEL FOR PLAINTIFF*

By: */s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.